**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FATENH ALSHAKANBEH,

      Plaintiff,

      v.                       No.3:06-cv-1094-J-12HTS

FOOD LION, LLC,

      Defendant.

## ORDER

This cause is before the Court on the Plaintiff's Motion to Remand (Doc.7) and the "Defendant's Response in Opposition ..." (Doc. 12), filed January 12 and 29, 2007, respectively.   The Court held a hearing on the Motion to Remand on February 21, 2007. The sole issue before the Court is whether this case meets the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a).  The parties agreed at the hearing that the record before the Court is sufficient for it to make its ruling and that additional discovery is not necessary.  For the reasons set forth below, the Court finds that the Defendant has demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore will deny the Motion to Remand.

The Plaintiff filed her employment discrimination Complaint (Doc.2) in the Circuit Court, in and for Duval County, Florida, asserting that the she was subjected to a hostile working environment, was denied promotion, and ultimately, was terminated by the Defendant in retaliation for her complaints of discrimination, on the basis of her race,

national origin, and religion. Doc. 2 at ¶¶ 10-12. She seeks "damages that exceed $15,000.00 exclusive of prejudgment interest, costs and attorneys' fees." Doc. 2 at ¶ 1. She claims that "[a]s a direct and proximate result of the discrimination, harassment and retaliation described [in her Complaint], Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life." Doc.2 at ¶13. She states that the actions of the Defendant caused her to hire an attorney and that she has incurred and will continue to incur attorneys' fees and costs. Doc. 2 at ¶ 14. She seeks "relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, punitive damages, reimbursement for attorneys' fees and costs, prejudgment interest, equitable relief and reinstatement, and any other such relief that the Court deems appropriate." Doc. 2 at p. 5. Other than the allegations set forth in her Complaint, the record contains no other indications from the Plaintiff regarding the amounts of damages that she is seeking.

Whether a case is removable to federal court is determined on the basis of the Plaintiff's Complaint at the time of removal and any uncertainties regarding removal should be resolved in favor of the Plaintiff. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). Because the amount of damages the Plaintiff seeks is not specified in the Complaint (Doc.2), or otherwise apparent from its face, in order to defeat Plaintiff's Motion to Remand (Doc.7) the burden is on the Defendant to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining

2

the amount in controversy at the time the case was removed, the Court may consider the notice of removal, as well as other relevant evidence submitted. Williams, 269 F.3d at 1319. Conclusory allegations regarding the jurisdictional amount, without setting forth underlying facts, are insufficient to meet the Defendant's burden. Id. at 1319-20. The Plaintiff's failure to stipulate as to the amount in controversy, that is, to the total amount of damages she is seeking in this case, is a relevant, but not dispositive consideration in determining whether the case was properly removed. See Id. at 1320.

The Defendant's Notice of Removal (Doc. 1) and "Defendant's Response in Opposition to Plaintiff's Motion to Remand ..." (Doc. 12) set forth the Defendant's estimates regarding each element of Plaintiff's damages that may be considered in determining the amount in controversy: lost wages ($15,330 to $19,710), front pay or reinstatement ($8,760), punitive damages (average award $270,000, median award $300,000, with a statutory cap of $100,000), compensatory damages (average award $300,732, median award $44,000), and attorneys' fees ($40,000). The estimates are based upon information provided by the Plaintiff regarding her wages while working for the Defendant,[1] the Defendant's review of published jury verdicts and damages awards involving claims similar to the Plaintiff's under state and federal law over the past five years, and the Defendant's

---

[1]    The Plaintiff asserts that the Defendant's estimates for Plaintiff's lost wages are unreliable because they do not include any estimate for mitigation of damages by replacement income. Counsel for Plaintiff admitted at the hearing, however, that the record as it stands contains no evidence that Plaintiff is employed or has earned any income that would serve to reduce her claims for lost income. Moreover, even if the Court assumes, as the Plaintiff urges, that the Plaintiff will at some point before trial become employed and her damages for lost wages will therefore be reduced, the evidence submitted by the Defendant regarding the remaining elements of damages amply serve to meet the amount in controversy requirement.

estimate that counsel for the Plaintiff would spend at least 200 hours to litigate this case through discovery and trial. The Plaintiff has not provided any evidence to contradict the Defendant's estimates, but asserts that they are too speculative to be used to determine the amount in controversy in this particular case.

The Court appropriately considers each of the above-mentioned elements of damages in determining the amount in controversy in this case.[2] Even using the most conservative estimates provided by the Defendant regarding amounts involved through the date of trial, the Defendant has demonstrated that the amount in controversy more likely than not is met in this case..

The Court agrees with the Plaintiff that it is inappropriate to speculate regarding the amounts of damages that she might ultimately recover in this case were a jury to render a verdict. However, the estimates provided by the Defendant are not mere conclusory allegations, and are not based on mere speculation, but are based on information provided by the Plaintiff, a review of damages awards in similar cases, and Defendant's counsel's experience regarding hours likely needed to litigate the case. Moreover, as stated above, the Plaintiff has not submitted any evidence to contradict these estimates, including the number of attorney hours likely needed to litigate the case through trial. The Court finds that the Defendant's estimates are conservative as well as reasonable in that they are calculated through a trial date estimated to be 12 -18 months from the date of the filing of

---

[2] See the cases cited in the "Defendant's Memorandum of Law in Opposition to the Plaintiff's Motion to Remand ..." (Doc. 12), including Cohen v. Office Depot, Inc. 204 F.3d 1069, 1079 (11th Cir. 2000)(attorneys' fees properly included in calculation of jurisdictional amount when statute provides for recovery of fees in case).

the Complaint,[3] they do not attempt to include the value of such items as the value of lost benefits, and they use an hourly rate in calculation of attorneys' fees which is actually lower that the rate charged by Plaintiff's counsel.[4]   The Court also finds that the fact that the Plaintiff has not stipulated that she seeks less than the jurisdictional amount in this case deserves some weight.  The Court is of the opinion that the Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and therefore the Plaintiff's Motion to Remand (Doc.7) will be denied.  Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED**:

1.      That Plaintiff's Motion to Remand (Doc.7) is denied; and

2.      That the stay previously entered by the Court is lifted and the parties shall have until April 16, 2007, to file any amendment they deem appropriate to their Case Management Report (Doc. 9.).

**DONE AND ORDERED** this 23 nd.day of March 2007.

Howell W. Melton
Senior United States District Judge

Copies to:    Counsel of Record

---

[3]      The Defendant's estimate regarding the trial date is also in accordance with the proposed trial date to which the parties have agreed in their Case Management Report (Doc.9).

[4]      The Defendant uses an estimated rate of $200.00 per hour (Doc. 1 at p.5), and Plaintiff's counsel indicates that his rates in 2006 and 2007 were $215.00 and $225.00 per hour respectively (Doc.7, Affidavit of Plaintiff's Counsel).